IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE : | § | CASE NO. 22-60020 (SDTX) |
| INFOW, LLC, *et al.,* | § | |
| | § | CHAPTER 11 |
| Debtors. | § | |
| _____ | § | JOINTLY ADMINISTERED |
| | § | |
| NEIL HESLIN, SCARLETT LEWIS, | § | |
| LEONARD POZNER, VERONIQUE | § | |
| DE LA ROSA, MARCEL FONTAINE | § | ADV. PROC. NO. 22-06004-MMP |
| | § | |
| VS. | § | |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | § | |
| and FREE SPEECH SYSTEMS, LLC | | |

# PLAINTIFFS' MOTION FOR ABSTENTION AND REMAND

## Introduction

The Court should remand because Plaintiffs have no claims against the Debtor and the abstention doctrines apply.[1] After Alex Jones was sued for claiming the massacre at Sandy Hook Elementary was a hoax, Jones and his insiders fraudulently transferred assets to shield them from Plaintiffs. So Plaintiffs sued for not only the underlying defamation but also making fraudulent transfers. On the eve of the damages trial of the first defamation case, Jones had his shell company, InfoWars LLC, petition for bankruptcy and remove the TUFTA case to this Court. Plaintiffs are dismissing their claims against InfoWars (now InfoW, LLC) with prejudice in the defamation and fraudulent-transfer cases. The case should therefore be remanded as soon as possible.

## Background

In December 2012 the nation faced the horror of a mass shooting at Sandy Hook Elementary, which took the lives of 20 children. For the five years that followed, the families of the murdered children endured even more pain as Alex Jones and his media empire denied these children were real. Instead, he claimed the parents were paid actors in a massive hoax propagated by shadowy elite forces. Jones published over 50 episodes and countless articles pushing this lie, all while coordinating and funding harassment by a dangerous collection of fanatics.

In April 2018, the Plaintiffs Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa (the Sandy Hook Families) and Plaintiff Marcel Fontaine sued Jones, his company Free Speech Systems LLC, and his other company InfoWars LLC for defamation, among other claims (the Defamation Cases).[2] The claims of the Sandy Hook Families—parents of children slain at

---

[1] The removal notice omits all the Defendants in the complaint. The following are also Defendants: PQPR Holdings Limited, LLC; JLJR Holdings, LLC; PLJR Holdings, LLC; Carol Jones; David Jones; PQPR Holdings, LLC; JLJR Holdings Limited, LLC: AEJ Holdings, LLC; AEJ Trust 2018.

[2] Ex. 7, at ¶ 29.

1

Sandy Hook Elementary—stem from Jones's conspiracy theories that the mass shooting was a hoax.[3] Fontaine's claims arose from lies Jones and his outfit spread that he was the shooter responsible for murdering 17 people at a high school in Parkland, Florida.[4]

During the Defamation Cases, Jones routinely obstructed discovery.[5] The repeated discovery abuses even culminated in the trial court granting default judgments against Jones, Free Speech Systems, and InfoWars on liability. Those judgments, granted in September 2021, came from years of egregious litigation misconduct in which Jones made a mockery of the courts. In the Defamation Cases, 10 attorneys have come and gone as Jones consistently defied court orders and refused to litigate in good faith—all while incurring over $1.3 million in sanctions in nearly a dozen orders.[6] Jones was also sanctioned for frivolous pleadings by a Texas appellate court and was repeatedly sanctioned and held in contempt in a related Sandy Hook lawsuit in Connecticut.[7] These orders found that Jones flouted discovery orders, produced child pornography in discovery, threatened the lives of plaintiffs' counsel, refused to cooperate with depositions, falsified discovery responses, tampered with evidence, submitted a fraudulent affidavit, made frivolous legal arguments, and introduced chaos and insolence into the proceedings.[8]

While Jones and his companies hindered discovery in the Defamation Cases, what the Plaintiffs did learn was that InfoWars, LLC has no operations, no employees, virtually no assets, and no money. They also discovered that Jones and Free Speech Systems fraudulently transferred their assets to shield them from paying judgments. So on April 6th, Plaintiffs sued under the Texas

---

[3] *Id.*

[4] *Id.*

[5] Ex. 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

Uniform Fraudulent Transfer Act.[9] The TUFTA Case has been assigned to the same judge as the Defamation Cases, which have been ongoing for over four years.[10] Having also presided over the Defamation Cases, she is perfectly positioned to preside over the TUFTA Case.

The first Defamation Case was supposed to be tried on damages on April 25th. On the surface, Jones, Free Speech, and InfoW acted like trial would happen, but they were actually plotting to have InfoW file for bankruptcy. And about a week before the first trial on damages, it did.[11] The next day, InfoW removed the Defamation Cases and the TUFTA Case to this Court.[12]

Plaintiffs are nonsuiting and dismissing their Defamation and TUFTA Cases against InfoW with prejudice and that Debtors will not oppose remand.[13] Under the abstention doctrines, the TUFTA Case should be immediately remanded.

**Arguments and Authorities**

The Court should remand the TUFTA Case back to state court. Section 1334 provides that a bankruptcy court must decline jurisdiction over certain non-core suits commenced in state court before bankruptcy.[14] A bankruptcy court may also remand a case "on any equitable ground."[15] A court can permissibly abstain from hearing a case "in the interest of justice, or in the interest of comity with State courts or respect for State law."[16] Any doubts about a case's removability are resolved against the exercise of federal jurisdiction.[17] Under these standards, remand is warranted.

---

[9] Ex. 7.
[10] Ex. 6.
[11] Ex. 2.
[12] Ex. 3.
[13] Ex. 4 (stipulation of dismissals pending Bankruptcy Court approval); *id.* § 4; Ex. 8.
[14] 28 U.S.C § 1334(c)(2)
[15] 28 U.S.C. § 1452(b).
[16] 28 U.S.C. § 1334(c)(1).
[17] *Acuna v. Brown & Root, Inc*. 200 F.3d 335, 339 (5th Cir. 2000).

**1. The Court should abstain and remand under the mandatory-abstention rule.**

The mandatory-abstention rule applies.[18] The rule requires the Court to abstain if (1) a motion to abstain is "timely" made; (2) the case is a "non-core" proceeding based on state law; (3) the proceeding has no independent basis for federal jurisdiction other than § 1334(b); (4) the action can be adjudicated timely in state court; and (5) an action has been commenced in state court.[19]

All elements are met here. First, Plaintiffs timely sought removal, within 30 days after notice of removal.[20] Second, the TUFTA Case is a non-core proceeding under state law.[21] That is, the fraudulent-transfer and conspiracy claims arise under state law, not the Bankruptcy Code and stand independently.[22] Third, InfoW has not shown an independent basis for federal jurisdiction besides § 1334(b) because it hasn't established that the parties are diverse.[23] Fourth, the state court can timely adjudicate the TUFTA Case—especially since the state judge assigned to the TUFTA Case also presides over the Defamation Cases and knows firsthand the issues, the parties, and counsel involved.[24] And fifth, the case started in state court.[25] Mandatory abstention applies.[26]

---

[18] *See* 28 U.S.C § 1334(c)(2).

[19] Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case), 483 F.3d 292, 300 (5th Cir. 2007); In re Dune Energy, Inc., 575 B.R. 716, 727 (Bankr. W.D. Tex. 2017).

[20] *See* Bankr. W.D. Tex. Local Rule 9027(b)(3); *see also In re Dune Energy, Inc.*, 575 B.R. at 727 ("[n]o specific time limit is set by statute or rule for requesting mandatory abstention.").

[21] *See id.* (stating that a core proceeding arises under the Bankruptcy Code or in a bankruptcy case).

[22] *See id.* ("If the causes of action asserted exist under state law and stand independent of the bankruptcy case, they do not 'arise in' a bankruptcy case.").

[23] *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (party invoking diversity jurisdiction bears burden to show parties are diverse); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (ambiguities are construed against removal, as removal statute is strictly construed to favor remand); *see also* Ex. 7.

[24] *See In re Dune Energy, Inc.*, 575 B.R. at 729 (stating that "courts have recognized that the requirement [for timely adjudication in state court] is a relatively low hurdle to clear.").

[25] *Id.* at 730.

[26] *Id.* ("Consequently, the Court has no discretion; it must remand the Suit to State Court.")

**2. The Court should abstain and remand under the permissive-abstention doctrine.**

The need for remand is bolstered by the permissive-abstention factors. Courts in the Fifth Circuit also "typically use a factors-based analysis to determine if permissive abstention and equitable remand of a bankruptcy civil proceeding is appropriate."[27] Bankruptcy courts have "broad power to abstain whenever appropriate in the interest of justice[.]"[28] In deciding whether to permissively abstain, courts consider the following 14 factors.[29]

**(1) The lack of effect on the efficient administration of the estate favors remand.**

The first factor examines the effect on the estate's efficient administration if the Court recommends remand or abstention. Because Plaintiffs are voluntarily dismissing InfoW, this case doesn't relate to the bankruptcy estate.[30] Moreover, the TUFTA Case doesn't have bankruptcy claims; only state-law claims are at issue. So adjudicating them won't require special bankruptcy knowledge. But it will require special knowledge about the parties and counsel—given the history of discovery abuses in the Defamation Cases. This favors abstention because the state-court judge assigned to the TUFTA Case knows the discovery issues, the parties, and the counsel involved from years presiding over the Defamation Cases.[31] This factor favors abstention and remand.[32]

---

[27] *Id.* at 731.

[28] *In re wood*, 825 F.2d 90, 93 (5th Cir. 1987) (internal citations omitted).

[29] Id.

[30] *See In re Johnson,* No. 11-60822-CAG, 2012 WL 1110342, at *6 (Bankr. W.D. Tex. Apr. 2, 2012) ("Plaintiffs currently plan to non-suit Debtors once the case is remanded to state court, in which case the estate would not be affected, at present, Debtors are still a party"); Exs. 4, 8.

[31] *Compare* Ex. 5 *with* Ex. 6.

[32] *Northern Natural Gas Co. v Sheerin*, No. SA-03-CA-304-RF, 2003 WL 22594457, at *7 (W.D. Tex. Oct. 20, 2003) (weighing factor in favor of abstention and remand where the state-court case contained no bankruptcy claims and state-law issues predominated).

**(2)    The predominating state-law issues favor remand.**

The second factor examines the extent to which state-law issues predominate over bankruptcy issues. Here, the state-court action contains only claims under Texas law—the Texas Uniform Fraudulent Transfer Act and conspiracy.[33] This factor favors abstention and remand too.[34]

**(3)    The difficult or unsettled nature of the applicable law favors remand.**

The third factor examines the difficult or unsettled nature of applicable law. This case involves claims under TUFTA and conspiracy. Liability will likely turn on not only the facts but also the breadth of Texas law on TUFTA and conspiracy; veil-piercing theories under Texas law, like alter ego; and Texas law on spendthrift trusts. Considering these thorny issues, which require robust discovery and Texas caselaw, the court will need to grapple with difficult questions under Texas law. A state-court judge—especially one that's already familiar with the issues, parties, and counsel from the Defamation Cases—is ideally suited to tackle these intricate state-law matters.

**(4)    The absence of related proceeding commenced in state court or other non-bankruptcy proceeding favors remand.**

The fourth factor examines the presence of related proceeding commenced in state court or other nonbankruptcy proceeding. In the Defamation and TUFTA Cases, the Debtors are being voluntarily dismissed. So none will relate to the bankruptcy. This favors permissive abstention.[35]

**(5)    The lack of jurisdictional basis, if any, other than § 1334 favors remand.**

The fifth factor examines the jurisdictional basis, if any, other than § 1334. Here, the only jurisdictional basis is 28 U.S.C. § 1334. InfoW hasn't proved an independent basis for federal

---

[33] Ex. 7.

[34] *See In re Dune Energy*, 575 B.R. at 732; *see also In re IO AT Tech Ridge LP*, No. 17-11540-TMD, 2018 WL 2431640, at *4 (Bankr. W.D. Tex. May 3, 2018).

[35] *Id.*

6

jurisdiction besides § 1334(b).[36] And in any event, defendants include home-state defendants, which defeats any traditional removal. This factor favors permissive abstention or remand.[37]

**(6)　The relatedness of this lawsuit to main bankruptcy case favors remand.**

Under the sixth factor, "the degree of relatedness or remoteness of a proceeding to the main bankruptcy case can neither weigh in favor of nor against abstention and remand when the proceeding will not be heard before the bankruptcy judge who heard the main bankruptcy case."[38] Here, the state action no longer involves any debtor. The case against the non-debtors have no relation to the InfoW bankruptcy estate. Indeed, there is no basis for "related to" jurisdiction.[39] And importantly, "the degree of relatedness or remoteness of a proceeding to the main bankruptcy case can neither weigh in favor of nor against abstention and remand when the proceeding will not be heard before the bankruptcy judge who heard the main bankruptcy case."[40] As InfoW removed to this Court but filed the bankruptcy case in the Southern District of Texas, this factor is irrelevant.

**(7)　The substance rather than the form of an asserted core proceeding favors remand.**

The seventh factor examines the substance of an asserted core proceeding. The state action is not one[41] and "strongly supports abstention and remand because this is not a core proceeding."[42]

---

[36] *Garcia*, 351 F.3d at 638; *Manguno*, 276 F.3d at 723; Ex. 7.

[37] *In re IO AT Tech Ridge LP*, 2018 WL 2431640 at *4.

[38] *Special Value Continuation Partners, L.P. v. Jones,* Adv. No. 11-3304, 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011).

[39] *See In re Johnson,* 2012 WL 1110342 at *8 ("the only jurisdictional basis this Court has over the proceeding is 'related to' jurisdiction under § 1334, and even that would be taken away if Plaintiffs non-suit Debtors.").

[40] *Special Value Continuation Partners, L.P.*, 2011 WL 5593058, at *10.

[41] *In re Dune Energy*, 575 B.R. at 727 ("state law causes of action based on pre-bankruptcy events that do not invoke a substantive right created by federal bankruptcy law" or "the causes of action exist under state law and stand independent of the bankruptcy case," are not "core" proceedings).

[42] *Special Value Continuation Partners, L.P.*, 2011 WL 5593058 at *9.

**(8) The ability to sever state claims from core bankruptcy matters favors remand.**

The eighth factor examines the feasibility of severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court. Again, the state action has no core bankruptcy matters and contains only state-law claims. There's nothing to sever. This factor favors permissive abstention and remand.[43]

**(9) The burden of the bankruptcy court's docket favors remand.**

The ninth factor examines the burden on the bankruptcy court's docket. Plaintiffs are entitled to a jury trial and do not consent to a jury trial in bankruptcy court. As such, "it would take at least two different federal judges in two federal courts to fully adjudicate" Plaintiffs' claims, whereas "the State Court (using one state court district judge) has the jurisdiction, authority, and docket availability to handle" all matters regarding Plaintiffs' claims.[44] This is especially true here—where the TUFTA state-court judge has dealt with the same parties and counsel for years in the Defamation Cases. This factor favors permissive abstention and remand.

**(10) The likelihood the removal involves forum shopping favors remand.**

The tenth factor examines the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties. Forum shopping "must rise to a level demonstrating an attempt to abuse or manipulate the judicial process."[45] As noted by the judge presiding over the Defamation and TUFTA Cases, manipulating the rules is "allowing InfoWars to commit an injustice by forcing this case through, what I believe to be, an improperly

---

[43] *See In re SBMC Healthcare, LLC*, 519 B.R. 172, 191-92 (Bankr. S.D. Tex. 2014) (holding this factor favors abstention when claims arise under state law and lack "core" bankruptcy matters).

[44] In re Dune Energy, Inc., 575 B.R. at 733.

[45] *In re IO AT Tech Ridge LP*, 2018 WL 2431640 at *5.

8

filed notice of removal in bankruptcy court."[46] The last-minute bankruptcy filing by Debtors deprived Plaintiffs from proceeding to trial, after four years, in the Defamation Cases and stunted their TUFTA case. That InfoW filed its bankruptcy in bad faith to forum shop for a better outcome is the basis of three motions to dismiss filed by Plaintiffs, other Sandy Hook plaintiffs in Connecticut, and the United States Trustee.[47] This factor favors permissive abstention and remand.

**(11)   The existence of a right to a jury trial favors remand.**

The eleventh factor examines the existence of a right to a jury trial. Because Plaintiffs are entitled to a jury trial and don't consent to a jury trial before the bankruptcy court. the Court "does not have authority to enter a final judgment in the Suit, since it is a non-core proceeding[.]"[48] This factor therefore "weigh[s] heavily in favor of permissive abstention and remand."[49]

**(12)   The presence in the proceeding of non-debtor parties favors remand.**

The twelfth factor examines the presence of non-debtor parties. With InfoW dismissed, the remaining 16 parties are non-debtors. This factor favors permissive abstention and remand.[50]

**(13)   Comity here favors remand.**

The thirteenth factor examines comity. The case involves only state-law issues and the state judge already knows the issues, the parties and their attorneys. This factor favors remand.[51]

---

[46] Ex. 5.

[47] *In re InfoW, LLC, et al*; Chapter 11 Bankruptcy Case No. 22-60020, in U. S. Bankruptcy Court, Southern District of Texas, ECF Nos. 36, 42, 50.

[48] *In re Dune Energy, Inc.*, 575 B.R. at 733.

[49] *Id.*

[50] *See also In re IO AT Tech Ridge LP*, 2018 WL 2341640 at * 6 (holding that this factor weighed in favor of abstention or remand where all but one party were non-debtor parties).

[51] *In re Dune Energy, Inc.*, 575 B.R. at 733 ("Suit involves state law issues and deference should be given to the State Court to decide state law issues[.];" *see also In re SBMC Healthcare, LLC*, 519 B.R. at 192 (factor favored abstention where "Plaintiffs had already instituted their suit in Texas state court when Defendants removed the lawsuit[.]").

**(14)** **The possibility of prejudice to other parties in the action favors remand.**

The fourteenth factor examines the possibility of prejudice to the other parties in the action. Here, keeping the TUFTA Case in federal court prejudices Plaintiffs. The state-court judge assigned to the TUFTA Case already knows the cast of characters and the discovery abuses that occurred in the Defamation Cases. So the state-court judge will not have to play "catch up" to get up to speed on the last four years of litigation between the same parties. Moreover, this Court cannot hold a jury trial on the TUFTA Case, so Plaintiffs would be at the mercy of yet another court in trying to get this case to trial. On the other hand, there would be no "prejudice to any party by remanding the State Court Suit to state court" and keeping the case "would be wasteful and prejudicial to the parties."[52] This factor therefore favors permissive abstention and remand.

"Under Western District precedent, a court should not just count how many factors favor each side and declare as winner the one with the most factors."[53] "[A]ny equitable ground may support a court's decision to remand."[54] As all equitable factors favor remand, equity demands it.

## Conclusion

For these reasons, Plaintiffs respectfully ask that the Court abstain and remand the TUFTA Case back to state court in the 200th Judicial District, Travis County Texas.

---

[52] *In re Rosales,* No. 12-30590-RBK, 2012 WL 4343701, at *7 (Bankr. W.D. Tex. Sept. 21, 2012).
[53] *In re IO AT Tech Ridge LP*, 2018 WL 2431640 at *6.
[54] Id.

Respectfully submitted,

| **THE BEATTY LAW FIRM PC** | **MCDOWELL HETHERINGTON LLP** |
|---|---|
| By: */s/ Max Beatty* <br>     Jon Maxwell 'Max' Beatty <br>     State Bar No. 24051740 <br>     1127 Eldridge Parkway, Suite 300 #338 <br>     Houston, TX 77077 <br>     (832) 529-3381 Telephone <br>     (832) 852-1266 Fax <br>     Email: max@beattypc.com | By: */s/ Avi Moshenberg* <br>     Avi Moshenberg <br>     Texas Bar No. 24083532 <br>     Nick Lawson <br>     State Bar No. 24083367 <br>     Matthew Caldwell <br>     State Bar No. 24107722 <br>     1001 Fannin Street, Suite 2700 <br>     Houston, TX 77002 <br>     Phone: (713) 337-5580 <br>     Fax: (713) 337-8850 <br>     Email: avi.moshenberg@mhllp.com <br>     Email: nick.lawson@mhllp.com <br>     Email: matthew.caldwell@mhllp.com |
| **THE AKERS FIRM PLLC** | **KASTER LYNCH FARRAR & BALL, LLP** |
| By: */s/ Cordt Akers* <br>     Cordt Akers <br>     State Bar No. 24080122 <br>     3401 Allen Parkway, Suite 101 <br>     Houston, TX 77019 <br>     Phone: (713) 877-2500 <br>     Fax: (713) 583-8662 <br>     Email: cca@akersfirm.com | By: */s/ Mark D. Bankston* <br>     Mark D. Bankston <br>     State Bar No. 24071066 <br>     William R. Ogden <br>     State Bar No. 24073531 <br>     1117 Herkimer <br>     Houston, Texas 77008 <br>     (713) 221-8300 Telephone <br>     (713) 221-8301 Fax <br>     Email: mark@fbtrial.com <br>     Email: bill@fbtrial.com |

                                                                              **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on 5/18/2022, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service and by email to all parties listed below:

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Bataglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

Attn: Kyung S. Lee
Kyung S. Lee PLLC
700 Milam Street, Suite 1300
Houston, Texas 77002
klee@kslpllc.com

                                      */s/ Avi Moshenberg*
                                      Avi Moshenberg