IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE : | § | CASE PENDING ANOTHER DISTRICT |
| | § | CASE NO. 22-60020 (USBC, SDTX, |
| INFOW, LLC, *et al.,* | § | Victoria Division) |
| | § | |
| Debtors. | § | CHAPTER 11 |
| | § | |
| | § | |
| NEIL HESLIN, SCARLETT LEWIS, | § | |
| LEONARD POZNER, VERONIQUE | § | |
| DE LA ROSA, MARCEL FONTAINE | § | |
| | § | ADV. PROC. NO. 22-06004-MMP |
| VS. | § | |
| | § | |
| ALEX E. JONES, INFOWARS, LLC, | | |
| and FREE SPEECH SYSTEMS, LLC | | |

**INFOW, LLC'S MOTION TO STRIKE REMOVAL AND ALLOW REMAND**

Defendant InfoW, LLC moves to strike its removal to allow the case to be remanded back to state court.

In early April, Plaintiffs sued InfoW and the other Defendants in Travis County state court for allegedly engaging in fraudulent transfers ("TUFTA Suit"). InfoW filed for relief under chapter 11 of the United States Bankruptcy Court with the United States Bankruptcy Court for the Southern District of Texas, Victoria Division on April 18, 2022 (the "Petition Date"). On the Petition Date, InfoW filed a notice of removal of the TUFTA Suit based on jurisdiction created by the bankruptcy filed by InfoW.

The Plaintiffs had not yet served the TUFTA Suit on InfoW prior to the Petition Date. InfoW did *not* file a notice of removal in the state court. Plaintiffs contend that InfoW's failure to file such removal with the state court made the removal ineffective.

1

Since filing the notice of removal by InfoW with this Court, the Plaintiffs non-suited their claims against InfoW in the TUFTA Suit with prejudice, stipulated to the dismissal of the claims against InfoW in the TUFTA Suit with prejudice, and moved to remand. InfoW likewise stipulated not to oppose Plaintiffs' motion to remand.

As Plaintiffs no longer have claims against InfoW and have dismissed InfoW with prejudice from the TUFTA Suit—and InfoW does not oppose remanding—InfoW submits that the proper way to dispose of the Motion to Remove is to strike the Motion to Remove and remand this case back to the 200th Judicial District, Travis County Texas.

**Background**

In April 2018, Plaintiffs first sued Alex Jones and affiliated companies and entities, including InfoW, for defamation and other claims. (Ex. 1, at ¶ 29.)(the "Defamation Cases"). Neil Heslin, Scarlett Lewis, Leonard Pozner, Veronique De La Rosa are parents of children slain at Sandy Hook Elementary (the "Sandy Hook Families"). (*Id.*) Their claims stem from allegations Jones and his media outlet disseminated that the mass shooting was a hoax. (*Id.*) Marcel Fontaine's claims arose from alleged falsehoods Jones and his outfit spread that Fontaine was the shooter responsible for murdering 17 people at a high school in Parkland, Florida. (*Id.*)[1]

On April 6, 2022, while these Defamation Cases were pending, Plaintiffs sued Defendants in Travis County state court. (Ex. 1.) The Plaintiffs claim that during the Defamation Cases, Defendants engaged in fraudulent transfers under the Texas Uniform Fraudulent Transfer Act. (Ex. 1, at ¶ 1.) Twelve days later, InfoW filed a notice of removal in this Court based on jurisdiction from a bankruptcy it had just filed. (Doc. No. 1.) InfoW was never served. While InfoW filed the

---

[1] Marcel Fontaine died on May 14, 2022. His counsel represents that they have the authority to act on his behalf in prosecuting the TUFTA Suit and acting on his and his estate's behalf in connection with this matter.

2

notice of removal in this Court, it did not file a notice of removal in the state court action in Travis County. (Ex. 8.)

In the InfoW bankruptcy, Plaintiffs stipulated to dismiss all their claims against InfoW with prejudice, and InfoW stipulated not to oppose Plaintiffs' remand of the TUFTA Suit and the Defamation Cases. (Ex. 2.) The main bankruptcy court in Houston approved the Stipulation on Thursday May 19, 2022. (Ex. 2.)

On or about May 18, 2022, Plaintiffs moved to remand the Defamation Cases. (Doc. No. 2.) After the Houston bankruptcy court approved the Stipulation, Plaintiffs informed the bankruptcy court presiding over the removed Defamation Cases about the Stipulation. This Court remanded the Defamation Cases the next day. (Exs. 4–7.)

In the TUFTA Suit, Plaintiffs nonsuited their claims against InfoW. (Ex. 3.) InfoW now seeks to strike its removal so as to permit the TUFTA Suit to be remanded back to the state court.

## Arguments and Authorities

The Court should strike the removal and remand the TUFTA Suit back to state court. The law governing removals in this context required InfoW to promptly file a notice of removal in the state court to be effective. *See* 28 U.S.C.A. § 1446 ("**(d) Notice to adverse parties and State court.** Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *see also* Fed. R. Bankr. P. 9027 ("**(c) Filing in non-bankruptcy court.** Promptly after filing the notice of removal, the party filing the notice shall file a copy of it with the clerk of the court from which the claim or cause of action is removed. Removal of the claim or cause of action is effected on such filing of a copy of the notice of removal.

3

The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.").

InfoW did not file a removal notice with the state court. Applying this Court's rules, InfoW can cure this error by amending its removal filing or it can move to strike the removal pleading in its entirety:

> United States District Court for the Western District of Texas
> Administrative Policies and Procedures for Electronic Filing
>
> Section 4
> Method of Electronic Filing
>
> a. Docketing by Filing Users
>
> (1) The Electronic Filing System requires Filing Users to prepare the electronic docket entry for all electronically filed documents.
>
> (2) Docket entries prepared by Filing Users are immediately posted to the official Court docket and made available to the Court, parties, and the public via PACER.
>
> (3) If a document is submitted in error, the Filing User must file a motion to amend the pleading or a motion to strike the pleading in its entirety. If the Court grants such motion, the Filing User may resubmit the corrected document.

U.S. Dist. Court for the Western District Administrative Policies and Procedures for Electronic Filing at § 4(a)(3).

Here, InfoW no longer wishes to proceed with the removal. Just the opposite, it is unopposed to Plaintiffs' request to remand the TUFTA Suit back to state court. Accordingly, it has sought to strike its removal pleading.

InfoW submits that the Court should grant this motion to strike. The Plaintiffs have dismissed with prejudice all their claims against InfoW and seek to pursue their TUFTA claims only against the remaining Defendants in state court.

## Conclusion

For these reasons, InfoW prays that this Court strike its removal of the TUFTA Suit and remand the case to the 200th Judicial District, Travis County Texas.

5

       Respectfully submitted,

       **KYUNG S. LEE PLLC**

By: /s/ *Kyung S. Lee*
    Kyung S. Lee
    TX Bar No. 12128400
    Pennzoil Place
    700 Milam Street, Suite 1300
    Houston, TX 77002
    Email: klee@kslpllc.com
    Phone: 713-301-4751

**PROPOSED COUNSEL TO THE DEBTORS**

5

## **CERTIFICATE OF SERVICE**

       I hereby certify that on 5/31/2022, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties registered to receive such service and by email to all parties listed below:

Attn: Shelby Jordan
Jordan & Ortiz, P.C.
500 N. Shoreline Blvd. Suite 900
Corpus Christi, Texas 78401
sjordan@jhwclaw.com

Attn: Ray Battaglia
Law Office of Ray Battaglia, PLLC
66 Granburg Circle
San Antonio, TX
rbattaglialaw@outlook.com

Attn: F. Andino Reynal
Fertitta & Reynal LLP
917 Franklin St., Suite 600
Houston, TX 77002
areynal@frlaw.us

                                        */s/Kyung S. Lee*